[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13418

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STANLEY G. ROTHENBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:08-cr-14028-DLG-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Stanley Rothenberg, proceeding *pro se*, appeals the district court's denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that the district court misconstrued his motion for a sentence reduction as a motion for reconsideration and thus applied the wrong legal standard, that he "categorically demonstrated" extraordinary and compelling circumstances for his release, and that the 18 U.S.C. § 3553(a) sentencing factors support his request.  Finding no error, we affirm.

## I.    Background

In 2008, Rothenberg pleaded guilty to possession of child pornography and using a computer to persuade, induce, entice and coerce a person under 18 years of age to engage in sexual activity. He was sentenced to a total of 300 months' imprisonment, followed by a supervised release term of life.

In June 2020, Rothenberg, filed a counseled motion for compassionate release.  He argued that extraordinary and compelling reasons existed because of the COVID-19 pandemic and because he suffered from several medical conditions from which he was not expected to recover that substantially diminished his ability to provide self-care in prison, and because of his advanced age.  He argued that the 18 U.S.C. § 3553(a) factors weighed in his favor because his history and characteristics had

changed, he needed independent treatment for his mental illness and medical conditions, he was not a threat to the public given his age and status as a model inmate, he had been sufficiently deterred, and his sentence was significantly greater than others who were similarly charged. The government opposed the motion.

The district court denied Rothenberg's counseled motion for compassionate release. The district court first concluded that granting Rothenberg a sentence reduction would be inappropriate in light of the § 3553(a) factors. Specifically, the court reasoned that the "nature and circumstances" of his offenses supported denying the motion because Rothenberg, while acting in a "very cunning and calculated manner, sought to engage in sexual acts with a mentally challenged minor under the age of twelve,"[1] took affirmative actions to carry out that act by booking a motel room, admitted that he communicated online with family members of other young children to encourage them to engage in sexual activity with those children, possessed "pornographic images featuring prepubescent children engaged in sadistic and masochistic acts," attempted to destroy evidence, and had fantasies involving the rape of children. The court further reasoned that denying Rothenberg's motion was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and

---

[1] As it turned out, Rothenberg was engaged in conversations with an undercover officer, and the child did not exist.

4                    Opinion of the Court                  21-13418

protect the public from Rothenberg, who had failed to acknowledge the severity of his crimes and showed a lack of reform based on his self-authored book while in prison and his written letters to the court which continued to justify his conduct.[2] Additionally, the district court found that Rothenberg had failed to show extraordinary and compelling circumstances. Rothenberg did not appeal.

In August 2021, Rothenberg filed a *pro se* pleading titled "motion for modification of sentence." He acknowledged his prior counseled motion for compassionate relief that was denied, and he argued that he was "rais[ing] an independent set of grounds for relief," namely, (1) his worsening health in the year since his counseled motion was denied and (2) a sentence disparity claim. He maintained that the § 3553(a) factors supported his release because he had "completely repented from his former ways," due to his advanced age he was empirically at a "'minimum'" risk of recidivism, he posed no risk of danger to the public, similarly situated defendants had received lesser sentences, and he was in urgent need of medical care and psychological treatment.

The district court denied Rothenberg's *pro se* motion. The district court explained that Rothenberg sought relief "based on the alleged extraordinary and compelling reasons raised in his previous

---

[2] The district court also noted that it granted a downward variance at sentencing and sentenced Rothenberg below the guidelines range to account for his medical history.

[counseled] Motion, which was denied," and on "new purported grounds for relief." Therefore, the district court treated Rothenberg's motion "as a motion for reconsideration, and [as] an 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release." The district court then concluded that Rothenberg failed to satisfy the motion for reconsideration standard. Turning to his new motion for compassionate release, the district court found that he failed to demonstrate extraordinary and compelling circumstances existed, but even if such circumstances existed, as "delineated, in painstaking detail[]" in its prior order, "the Defendant [was] not entitled to relief based on the . . . § 3553(a) factors and the potential danger of his early release to the community."[3] The court then reiterated some of the reasons why the § 3553(a) factors did not support Rothenberg's request. Rothenberg appeals the district court's order.

## II.    Discussion

Rothenberg argues that he established the existence of extraordinary and compelling circumstances, and if the district court had conducted a proper analysis of the § 3553(a) factors, it would have discovered that those factors support a sentence reduction.

---

[3] Thus, the record confirms that the district court applied the appropriate standard for a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), and Rothenberg's argument that the district court misconstrued his motion and applied the wrong standard is meritless.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).[4] Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so,[5]

---

[4] We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). We review the district court's denial of a compassionate release motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

[5] The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist," but Rothenberg only argued that he qualified under two: (A) the defendant suffers from . . . a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from

21-13418          Opinion of the Court          7

(2) the factors listed in § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

The relevant sentencing factors in § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct by the defendant. *See* 18 U.S.C. § 3553(a).

Here, the district court did not abuse its discretion in denying Rothenberg's motion. The district court explained at length that a sentence reduction would be inappropriate in light of the § 3553(a) factors, emphasizing the nature and circumstances of the offense, Rothenberg's history and characteristics, and the need

---

which he or she is not expected to recover"; or (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

for the sentence to reflect the seriousness of the offense, provide just punishment, and protect the public. Although Rothenberg quarrels with how the district court weighed the relevant factors, the weight to be accorded any given § 3553(a) factor is a matter "committed to the sound discretion of the district court." *See Tinker*, 14 F.4th at 1241 (quotation omitted). Accordingly, because the § 3553(a) factors did not support Rothenberg's request for compassionate release, the district court did not abuse its discretion in denying Rothenberg's motion.[6]

**AFFIRMED**.

---

[6] Rothenberg's motion to file a reply brief out of time is GRANTED. We considered the reply brief in resolving this appeal.